UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN FLYNN and AMBER
FLYNN,

    Plaintiffs,

v.                                                                                            Case No. 05-73850

OAKLAND COUNTY, MICHAEL                                      HONORABLE AVERN COHN
BOUCHARD, MICHAEL MCCABE,
MARK VENUS, CLAY JOHNSON,
JEFF CROCKETT, JAMES AHEARN,
ROBERT CAIN, GORDON PIZZINI,
DAMON SHIELDS, DIRK FINDLAY,
MARTIN BAY, and DOUGLAS MOLINAR

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING
<u>PLAINTIFFS' MOTION TO COMPEL DECLASSIFIED DISCOVERY.</u>**

**I. Introduction.**

This is a civil rights case arising under 42 U.S.C. § 1983.[1]  Plaintiffs Dan Flynn, a police officer with the Oakland County Sheriff's Department (OCSD), and Amber Flynn, Mr. Flynn's wife (the Flynns), allege that Oakland County, Oakland County Sheriff Michael Bouchard, and several Oakland County and/or OCSD employees[2] mistreated, abused, physically threatened, and retaliated against the Flynns because Mr. Flynn

---

[1] The complaint also alleges two pendant state law claims: a Michigan civil rights act retaliation claim and a loss of consortium claim.

[2] The employees are:  Michael McCabe, Mark Venus, Clay Johnson, Jeff Crockett, James Ahearn, Robert Cain, Gordon Pizzini, Damon Shields, Dirk Findlay, Martin Bay, and Douglas Molinar

reported an incident in which several OCSD deputies performed unethical and illegal sex acts and sexual harassment at a bar. The substance of the claims is irrelevant to the present motion.

Before the Court is plaintiff's Motion to Compel Declassified Discovery. For the following reasons, the Defendants' motion is GRANTED.

## II. Background.[3]

On October 6, 2005, the Flynns filed suit. Defendants filed an answer and discovery commenced.[4] The parties stipulated to a protective order regarding discovery, issued by the Court on January 6, 2006, mandating that certain documents produced during discovery would be kept confidential. The protective order defines "Confidential Material" as follows:

> a.   Documents and information which the party reasonably and in good faith believes is confidential and would not normally reveal to others including, but not limited to: Administrative Orders, Policies, Procedures, Rules and Regulations, internal departmental documents, and written and videotaped investigations of the Oakland County Sheriff's Department and Oakland County.
>
> b.   Any Confidential Material produced in response to any discovery request shall be designated as such by stamping the document "CONFIDENTIAL."
>
> c.   Confidential Material shall be produced pursuant to the terms and conditions set forth in this Order.

---

[3] The background is gleaned from the parties' papers.

[4] On March 13, 2006, the parties stipulated to an order permitting plaintiffs to amend the complaint. Plaintiffs filed the First Amended Complaint on March 14, 2006, and defendants filed an answer. The amending of the complaint is immaterial to the present motion.

The protective order sets forth a process for a party to challenge any document's confidentiality designation. The process is as follows:

> If a party believes that a designation of any information as Confidential Material is unwarranted, it may inform the designating party in writing within forty (40) days of receipt of the information. Upon receiving the written objection, both parties shall negotiate in good faith to resolve their differences. Failing agreement, the objecting party may file a motion with the Court for ruling on its objection. The burden of proving a designation of Confidential Material, however, shall remain with the designating party....

The protective order states that Confidential Material can be submitted to the Court, but must be filed under seal. The protective order describes the process for filing documents under seal. The protective order also delineates a process to protect Confidential Material during depositions and file handling.

In January, 2006, defendants provided plaintiffs with more than 700 pages of documents. Defendants classified every page of every document "CONFIDENTIAL." On January 24, 2006, plaintiffs' counsel wrote defendants' counsel a letter objecting to the documents' classification. Plaintiffs' counsel also called defendants' counsel about the dispute. Counsel finally spoke on February 9, 2006. In the conversation, defendants' counsel stated that counsel would have to review the discovery materials in response to plaintiffs' objection, and plaintiffs counsel stated that plaintiffs would file a motion to compel on February 13, 2006, if defendants' counsel did not respond by then

On February 13, 2006, plaintiffs filed the present motion. The response and reply briefs were filed by March 13, 2006. At a status conference on March 14, 2006, the Court was unable to resolve the dispute.

### III. Discussion.

**A. Legal Standard.**

The scope and conduct of discovery is within the discretion of the Court. <u>Ventura v. The Cincinnati Enquirer</u>, 396 F.3d 794 (6th Cir. 2005). The Federal Rules permit discovery of all relevant, non-privileged information pertaining to issues involved in the case. FED. R. CIV. PROC. 26.

**B. Analysis.**

**1. Plaintiffs' Argument.**

Plaintiffs say the following groups of documents labeled "CONFIDENTIAL" by defendants are not confidential under the protective order. Plaintiffs say the following are examples and not an exhaustive list of documents of which it disputes the confidentiality.

1. <u>Public Records</u>, e.g., blank citizen complaint forms, published newspaper articles. Plaintiffs say Michigan public policy is that people "are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials...." M.C.L. § 15.231.

2. <u>Plaintiffs' Correspondence and Telephone Conversations</u>, e.g., emails and correspondence to and from plaintiffs. Plaintiffs say privacy rights are personal and cannot be asserted by third parties. <u>Kiraly v. FBI</u>, 728 F.2d 273, 281 (6th Cir. 1984).

3. <u>Certified Mail Receipts and Envelopes</u>. Plaintiffs say these documents only confirm dates on which letters were sent, received or postmarked.

4. <u>Witness Statements, Internal Emails, Internal Memos</u>. Plaintiffs say internal emails, memos, or correspondence directly related to the incident described in the complaint

are freely discoverable when relevant to an action. Compuware Corp. v. Moody's Investor Servs., 222 F.R.D. 124, 136 (E.D. Mich. 2004). Plaintiffs concede that some documents may be protected by the deliberative process privilege, but the privilege should be invoked "only in the context of communications designed to directly contribute to the formulation of important public policy," not in civil rights cases against police departments. Soto v. Concord, 162 F.R.D. 603 (N.D. Cal. 1995).

5. Mr. Flynn's Employment File. Plaintiffs say there is not a general privilege for personnel files, even those of law enforcement officers, and Mr. Flynn's file is not confidential. Watts v. Kimmerly, 1996 WL 911254, *3 (W.D. Mich. 1996). Mr. Flynn says the personnel file belongs to him, only he has a privacy interest in it, and that he is entitled to a clean copy of it.

Plaintiffs say that because the documents are stamped "CONFIDENTIAL," they are forced to comply with the protective order's requirements for the use of confidential documents during depositions and filings with the Court. Plaintiffs say these measures are an unnecessary burden because the documents are not confidential under the protective order. Plaintiffs say defendants made no effort to separate confidential from non-confidential material. Plaintiffs request that the Court order defendants to produce clean copies[5] of discovery without the confidential stamp within 14 days.

## 2. Defendants' Argument.

Defendants say they have complied with the protective order. Defendants group

---

[5] Plaintiffs recognize that some documents may in fact be confidential, thus the motion pertains only to documents that are not confidential under the protective order. The Court construes plaintiffs' motion not as motion to vacate the protective order, but to force defendants to comply with it in good faith.

the documents as follows:

1. Mr. Flynn's personnel file: Pages 1-34;

2. Documents from various investigation files: pages 35-505 and 606-727;

3. An organizational chart: Page 506;

4. OCSD Code of Conduct–Ethics Policy: Pages 507-508; and,

5. Oakland County Merit System Rules: Pages 509-605.

Defendants say the investigation files, which include the copies of envelopes, certified mail receipts, newspaper articles, correspondence, and emails, are properly stamped confidential because the protective order's definition of Confidential Material includes "written and videotaped investigations" and "internal departmental documents," and the investigation files are "not normally revealed to others." Defendants say that because the documents were produced from internal departmental investigation files they are properly classified as confidential.

Defendants say the OCSD Code of Conduct–Ethics Policy and the Oakland County Merit System Rules are covered by the protective order because they are "Administrative Orders, Policies [and] Procedures," which are included in the definition of Confidential Material. Defendants say the organizational chart is an "internal document" included in the definition of Confidential Material.

Defendants say Flynn's personnel file includes documents that are "not normally revealed to others," and producing it as non-confidential could give rise to a claim that defendants violated Flynn's privacy. Defendants say the personnel file includes internal documents that qualify as Confidential Material.

Defendants say the protective order alone governs the confidentiality of the

6

produced documents, not any general public policy in favor of government openness. Defendants concede that all documents to which the motion pertains are discoverable, but that the documents are confidential under the protective order. Defendants also dispute the burden plaintiffs allege in having to comply with the protective order's provision for handling confidential documents.

### 3. Resolution.

Confidential Material is:

> Documents and information which the party reasonably and in good faith believes is confidential and would not normally reveal to others including, but not limited to: Administrative Orders, Policies, Procedures, Rules and Regulations, internal departmental documents, and written and videotaped investigations of the Oakland County Sheriff's Department and Oakland County.

As the Court reads the definition, there are two requirements for a document to be deemed confidential: (1) a party must "reasonably and in good faith" believe the document is confidential, and (2) the party must not normally reveal the document to others. The subsequent list of examples are documents that might meet the definition, but are not necessarily confidential. A document included in the list or a document "not normally revealed to others" is not confidential unless the producing party, in good faith, makes a reasonable determination of whether the document is confidential. The definition requires the party to make an independent determination as to the document's confidentiality. As plaintiffs say, simply placing a non-confidential document into a confidential file does not make the document confidential under the protective order.

## C.  Conclusion.

Plaintiffs motion is GRANTED.  Defendants have 14 days, or more if requested, to submit discovery documents that comply with the definition of Confidential Material in the protective order to the Court for an in camera review.  Defendants shall review the discovery documents page by page to determine which pages, as well as portions of a page, contain confidential information.  The Court reserves decision on whether or not defendants should be sanctioned for the failure to deal with the documents with a scalpel rather than a meat ax.


    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 12, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 12, 2006, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager
(313) 234-5160