UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAN FLYNN and AMBER FLYNN,

    Plaintiffs,

                                           Case No. 05-73850
-vs-                                          Hon:  AVERN COHN

OAKLAND COUNTY; MICHAEL BOUCHARD;
MICHAEL McCABE; MARK VENUS; CLAY JANNSON;
JEFF CROCKETT; JAMES AHEARN; ROBERT CAIN;
GORDON PIZZINI; DAMON SHEILDS;
DIRK FINDLAY; MARTIN BAY and DOUGLAS MOLINAR,
in their individual and official capacities,

    Defendants.
_____/

**ORDER (1) REQUIRING ADDITIONAL FILINGS BY PLAINTIFF;**
**(2) DISMISSING COUNT IV AGAINST OAKLAND COUNTY;**
**(3) STAYING FURTHER PROCEEDINGS**

I.

This is a civil rights action with pendent state claims arising out of allegation of harassment and adverse employment decisions in the course of plaintiff,[1] Dan Flynn's, employment as a Deputy Oakland County Sheriff. The Joint Final Pretrial Order has been entered (Dkt. # 88).

Briefly described, in the Second Amended Complaint and Jury Demand (Dkt. # 83) and Joint Final Pretrial Statement, plaintiff alleges as a consequence of his advising the Oakland County Sheriff, his employer, of illegal activity by his fellow employees at a

---

[1] Amber Flynn, Dan Flynn's wife, is also a plaintiff and makes a claim for loss of consortium claim. For all practical purposes, Dan Flynn is the only plaintiff. Accordingly, the Court will refer to only Dan Flynn as plaintiff.

party at the Elephant Bar in Commerce Township in February, 2004, plaintiff was:

- harassed in the workplace

- retaliated against in the form of adverse employment decisions

- illegally searched

- illegally detained

- falsely arrested

- assaulted and battered

Named as defendants are

- Oakland County

- Michael Bouchard, Oakland County Sheriff

- eight (8) of plaintiff's fellow employees

## II.

The case is clearly out of hand.[2]

For example, in witness lists and in the Joint Final Pretrial Order:

- plaintiff lists approximately 40 will be called witnesses, and 68 may

  be called witnesses

---

[2]Pending is defendants' motion for summary judgment, to which plaintiff has responded. The papers on the motion are voluminous and not in compliance with the Court's motion practice guidelines. Notably, defendants did not file a statement of material facts not in dispute; the Clerk directed defendants to file a statement by February 17, 2009 and plaintiff file a counter-statement by February 27, 2009. Although the motion was scheduled for hearing on February 18, 2009, the hearing will be adjourned given the state of the record. Before the Court can deal with the motion, it is necessary for the Court to have a clear picture of plaintiff's case. This order is intended to give the Court that picture.

- defendants list approximately 20 will be called witnesses, and 51 may be called witnesses

- the list of exhibits by each party is for the most part generic

- there is no differentiation as to the wrongful acts of each of the defendants

III.

Plaintiff purports to base his claims as follows:

1. Retaliation and adverse employment decisions in violation of his First Amendment right to advise his employer of wrongful conduct of fellow employees in violation of

    - 42 U.S.C. §1983

    - Title VII of the Civil Rights Act of 1964

    - Michigan's Elliot Larsen Civil Rights Act

2. Fourth Amendment right to be free of illegal search and seizure in violation of 18 U.S.C. §1983

3. False arrest and imprisonment

4. Assault and battery

IV.

Additionally, in the Second Amended Complaint, plaintiff in Count IV alleges constitutional violations by Oakland County in failing to adequately train and/or supervise employees. No mention is made of the claim in the Joint Final Pretrial Order. Accordingly, Count IV is DISMISSED.

V.

To bring some semblance of order to this case plaintiff shall, within fifteen (15) days,[3] do the following:

    A.    State separately, succinctly and with particularity the wrongful acts of each defendant. As to each defendant also state whether the defendant

- retaliated regarding adverse employment decisions
- harassed plaintiff
- falsely arrested and imprisoned plaintiff
- assaulted and battered plaintiff

    B.    State separately, succinctly and with particularity the provisions of Title VIII and the Michigan Elliot Larsen Civil Rights Act alleged to be violated in the harassment and retaliation suffered by plaintiff.

    C.    List with particularity the witnesses he intends to call at trial to establish liability, accompanied by a short description of the testimony of the witness, and whether or not the witness will be called at trial in person or by deposition.

    D.    Lodge with the Court an exhibit list numbered, as for trial, and a book containing each of the exhibits' relating to the liability phase of the case.

---

[3] In light of this order, plaintiff is not required to file a counter-statement by February 27. See n. 2, supra.

VI.

Pending compliance with this order by plaintiff, further proceedings on defendants' motion for summary judgment are STAYED until further order of the Court.

SO ORDERED.


        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated: February 9, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 9, 2009, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160